STATE OF MAINE
SAGADAHOC ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-009

GARY JASPER,

      Petitioner,

v.

                                  DECISION AND ORDER

COMMISSIONER, MAINE
DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

      Respondent

DONALD L. GARBRECHT
LAW LIBRARY

APR 26 2005

On 11/7/03, Dr. Vigna requested prior authorization for MaineCare reimbursement to the petitioner for Oxycontin. R. at HO8. As part of the required process to use other drugs before Oxycontin would be authorized, the petitioner had tried unsuccessfully to use Kadian. As of the date of the denial, the petitioner had not yet tried to use Duragesic. Accordingly, the petitioner's request was denied on 11/13/03. R. at HO5.

On 11/28/03, the petitioner began an unsuccessful trial of Duragesic. R. at Jasper-1; A: p. 3. At the hearing on 4/27/04, the Hearing Officer refused to consider proffered evidence of the attempt to use Duragesic. R. at C: pp. 19-25.

The denial sent to the petitioner was deficient in many respects. R. at HO5; C: pp. 27-28. In his 7/2/04 decision, the Hearing Officer recommended that the Commissioner reverse the denial of the request for prior authorization based on the deficiencies in the notice to the petitioner. R. at A: pp. 3-5. The Hearing Officer determined that the petitioner had been deprived of his right to appeal in order to preserve his right to continue to receive Oxycontin pending the outcome of the appeal.

See R. at A: p. 4. Based on the 11/13/03 denial, the respondent incorrectly discontinued payment for the petitioner's Oxycontin. Because the respondent subsequently arranged for retroactive payment for Oxycontin and assuming that the petitioner continues to receive payment for Oxycontin, it appears from this record that the harm to the petitioner from the deficient notice has been remedied. R. at B; C: pp. 26-28.

As an alternative to reversing the denial, the Hearing Officer recommended in his 7/4/03 decision that the Commissioner affirm the denial of the request because the petitioner had not attempted unsuccessfully to use Duragesic. R. at A: pp.5-6.

In his 9/3/04 decision, the Commissioner determined that the Department's failure to follow notice rules was "harmless error" and concluded that the Department correctly denied the authorization for Oxycontin. R. at B.

In his 7/4/03 decision following the administrative hearing, the Hearing Officer concluded: .

> Therefore, Mr. Jasper must try and fail with Duragesic prior to becoming eligible for Oxycontin. Mr. Jasper had not tried and failed with Duragesic as of the 11/13/03 denial action under examination at this hearing. Additionally, there is no evidence in the hearing record to show that Mr. Jasper qualifies under any acceptable clinical exception, or that he has a condition that prevents usage of Duragesic, or that there would be a significant potential drug interaction between another drug Duragesic.

R. at A: p. 6. The petitioner argues that the new information about the use of Duragesic should have been allowed by the Hearing Officer pursuant to the DHHS Administrative Hearing Regulations. See Pet.'s Br. at 6-7; Me. Dep't of Health & Hum. Serv. 10 144, CMR 001 VII(C)(2). Although the respondent argues that the Duragesic use was a new "event" and not new information, no authority is offered for that argument. See Resp.'s Br. at 5. Further, the administrative rules provide for an opportunity for the

Department to review and respond to such new information. <u>See</u> Me. Dep't of Health & Hum. Serv. 10 CMR 001 VII(C)(2).

The entry is

> The 7/2/04 and 9/3/04 decisions are VACATED. The case is REMANDED to the Department of Health and Human Services. The 4/27/04 hearing will be reopened to allow submission of additional evidence by the parties, including evidence with regard to the petitioner's use of Duragesic.

Date: March 5, 2005

Nancy Mills
Justice, Superior Court